IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SALVADOR GARCIA,

    Petitioner,                        2: 10 - cv - 2155 - JAM TJB

    vs.

FRANK X. CHAVEZ,

    Respondent.                   FINDINGS AND RECOMMENDATIONS

_____/

## I. INTRODUCTION

Petitioner is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was sentenced to thirty-six months imprisonment following a plea of no contest to vehicle theft, providing false information to a peace officer and obstructing an officer in the discharge of his duties. Petitioner raises one claim in his federal habeas petition; specifically whether there was sufficient evidence for the state court's finding of a strike prior for a 1997 conviction. For the following reasons, the habeas petition should be denied.

## II. FACTUAL BACKGROUND[1]

[O]n September 14, 2008, at approximately 0224 hours, officers

---

[1] The factual background of the underlying charges is taken from the probation department's report and recommendation at sentencing.

1

were dispatched to 24th Street and Teekay Way regarding the theft of an S.P.D. bait vehicle. The vehicle was described as a white 1992 Honda Accord and was traveling northbound on 24th Street. Officers responded to the dispatched area and located the vehicle traveling on Meadowview from 24th Street. Officers observed one occupant in the vehicle, later to be identified as the defendant. Once behind the vehicle, officers advised dispatch to lock the doors and to kill the engine. The vehicle went southbound on Franklin Road and came to rest at Valley Hi Drive. The defendant was admonished by officers to step out of the vehicle and place his hands and face away from the officers. As the defendant turned to face away from the officers, he fled on foot eastbound on Valley Hi Drive. Officers gave chase and the defendant was taken into custody on the side yard of a residence on Valley Hi Drive. While taking the defendant into custody, two of the officers sustained injuries. Officer Rinehart sustained scratches to his forehead, right arm and right leg falling into a rosebush while taking the defendant into custody. Officer Hensley suffered injuries to his right hand and left hand.

During an interview with the defendant, he initially gave officers a false name, his brother. The defendant was transported to the Sacramento County Main Jail and was fingerprinted. The fingerprints revealed the defendant's real identity.

(Clerk's Tr. at p. 69-70.)

## III. PROCEDURAL HISTORY

[Petitioner] entered a plea of no contest to vehicle theft ([Cal.] Veh. Code, § 10851, subd. (A) – count one) providing false information to an officer, a misdemeanor ([Cal.] Pen. Code, § 148.9, subd. (A) – count two); and obstructing an officer in the discharge of his duties, a misdemeanor ([Cal.] Pen. Code, § 148, subd. (a)(1) – count three). Defendant entered his plea with the understanding that if the court found a strike prior allegation ([Cal.] Pen. Code, §§ 667, subds. (b) - (I), 1170.12; all further statutory references are to the Penal Code) to be true, that is qualified as a strike prior, the sentence would be an aggregate term of 32 months in state prison, but if the court found the strike prior allegation not to be true, then the matter would be referred to probation.

The [trial court] found that defendant's 1997 conviction for exhibiting a firearm while in an occupied vehicle (§ 417.3) qualified as a strike prior in that defendant personally used a firearm. [FN 1] The [trial] court denied defendant's motion to strike the strike prior and sentenced defendant to state prison for an aggregate term of 32 months.
[FN 1] Section 417.3 provides, in relevant part, as follows: "Every person who, except in self-defense, in the

2

> presence of any other person who is an occupant of a motor vehicle proceeding on a public street or highway, draws or exhibits any firearm, whether loaded or unloaded, in a threatening manner against another person in such a way as to cause a reasonable person apprehension or fear of bodily harm is guilty of a felony.

(Resp't's Lodged Doc. 4 at p. 1-2.)[2]

Petitioner appealed to the California Court of Appeal and raised the issue he raises in his federal habeas petition. That court denied Petitioner's claim in a detailed opinion on May 17, 2010. Petitioner's petition for review to the California Supreme Court was summarily denied on July 21, 2010.

Petitioner filed the instant federal habeas petition on August 11, 2010. Respondent answered the petition on November 22, 2010.

## IV.  APPLICABLE LAW FOR FEDERAL HABEAS CORPUS

An application for writ of habeas corpus by a person in custody under judgment of a state court can only be granted for violations of the Constitution or laws of the United States. See 28 U.S.C. § 2254(a); see also Peltier v. Wright, 15 F.3d 860, 861 (9th Cir. 1993); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)). Petitioner filed this petition for writ of habeas corpus after April 24, 1996, thus the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies. See Lindh v. Murphy, 521 U.S. 320, 326 (1997). Under AEDPA, federal habeas corpus relief is not available for any claim decided on the merits in the state court proceedings unless the state court's adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in state court. See 28 U.S.C. 2254(d).

---

[2] Respondent included a copy of the California Court of Appeal, Third Appellate District on Petitioner's direct appeal dated May 17, 2008 as Lodged Document 4. Hereinafter, this opinion shall be cited to as the "Slip Op."

As a threshold matter, this Court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Lockyer v. Andrande, 538 U.S. 63, 71 (2003) (quoting 28 U.S.C. § 2254(d)(1)). "'[C]learly established federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision.'" Id. (citations omitted). Under the unreasonable application clause, a federal habeas court making the unreasonable application inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." See Williams v. Taylor, 529 U.S. 362, 409 (2000). Thus, "a federal court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. Although only Supreme Court law is binding on the states, Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court decision is an objectively unreasonable application of clearly established federal law. See Clark v. Murphy, 331 F.3d 1062, 1070 (9th Cir. 2003) ("While only the Supreme Court's precedents are binding . . . and only those precedents need be reasonably applied, we may look for guidance to circuit precedents.").

The first step in applying AEDPA's standards is to "identify the state court decision that is appropriate for our review." See Barker v. Fleming, 423 F.3d 1085, 1091 (9th Cir. 2005). When more than one court adjudicated Petitioner's claims, a federal habeas court analyzes the last reasoned decision. Id. (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)).

V.  ANALYSIS OF PETITIONER'S CLAIM

As previously noted, Petitioner's sole claim is that the state court improperly found that there was sufficient evidence for his 1997 conviction to be considered a strike prior. In this case, the last reasoned decision on Petitioner's sole claim was from the California Court of Appeal on direct appeal which stated the following:

> [Petitioner] contends that insufficient evidence supports the trial

4

court's finding that his prior conviction qualified as a strike prior because the offense is not listed in section 1192.7, nor does the record of conviction establish that he personally used the firearm. We will affirm the judgment.

In reviewing the sufficiency of the evidence to support the trial court's finding that a prior conviction qualified as a strike prior, we review the entire record of conviction in the light most favorable to the finding to determine whether there is substantial evidence, that is, "whether a rational trier of fact could have found that the prosecution sustained its burden of proving the elements of the sentence enhancement beyond a reasonable doubt." (People v. Delgado (2008) 43 Cal.4th 1059, 1067, see People v. Towers (2007) 150 Cal.App.4th 1273, 1277 (Towers); People v. Rodriguez (2004) 122 Cal.App.4th 121, 128-129.)

To meet its burden of proving beyond a reasonable doubt that defendant's prior conviction was a serious felony (Towers, supra, 150 Cal.App.4th at p. 1277), the prosecution presented the complaint, the minute order of the proceedings, the January 23, 1997, reporter's transcript of the entry of defendant's plea, and the minute order of probation.  The complaint charged defendant with two offenses, a violation of section 417.3 (count one) and a violation of section 12021, subdivision (a) (convicted felon in possession of a firearm – count two).  There was no codefendant. At the entry of plea hearing in 1997, the prosecutor stated the factual basis as follows:

"On the date stated in the Complaint, in the County of Sacramento, the defendant had a firearm which he was exhibiting in a rude, angry, threatening manner, causing reasonable apprehension and fear to Tommy Stevenson, who was in a vehicle moving on a highway."  Defense counsel confirmed that the People had "accurately summarized their evidence."  Neither defendant nor his counsel had any comment or amendment when asked by the court.

After advising defendant of his rights and the consequences of his plea, and obtaining his waivers, the court stated, "[I]t's alleged on the 6th day of October, 1996, . . . you did violate Section 417.3 of the Penal Code, a felony, in that you did willfully and unlawfully, being a person not in self-defense, in the presence of Tommy Stevenson, . . . who was an occupant of a motor vehicle on a public highway, you did willfully and unlawfully draw and exhibit a firearm in a threatening manner which would reasonably cause a person to be in apprehension and fear of bodily harm.  To that charge, what is your plea?"  [FN 2]  Defendant responded, "Guilty."  Defendant entered his plea to count one in exchange for no state prison at the outset, with a maximum of 90 days in county jail as a condition of probation, and dismissal of count two.
[FN 2]  The court read from the complaint, which charged: "The People of the State of California upon oath of the undersigned

5

complain against the defendant above named for the crime of <u>violation of Section 417.3 of the Penal Code</u>, a felony, committed as follows: That on the 6th day of October, 1996, at and in the County of Sacramento, State of California, the defendant, SALVADOR REAL GARCIA, then and there before the filing of this complaint, was a person who, not in self-defense, in the presence of another person, to wit, TOMMY STEVENSON, who was an occupant of a motor vehicle on a public street and highway, did willfully and unlawfully draw and exhibit a firearm, whether loaded or unloaded, in a threatening manner which would cause a reasonable person apprehension and fear of bodily harm."

Defense counsel presented no evidence to rebut the prosecutor's evidence that defendant's 1997 violation of section 417.3 qualified as a strike prior. Defense counsel argued the inquiry in 1997 was insufficient under <u>People v. Holmes</u> (2004) 32 Cal.4th 432 (<u>Holmes</u>) [FN 3] and <u>People v. French</u> (2008) 43 Cal.4th 36 (<u>French</u>). [FN 4]

[FN 3] In taking a conditional plea and in order for section 1192.5 to apply, "the trial court must garner information regarding the factual basis either from the defendant or defense counsel. If the trial court examines the defendant regarding the factual basis for the plea, the court may have the defendant describe the conduct that gave rise to the charge [citation], or may question the defendant regarding the detailed factual basis described in the complaint or written plea agreement. [Citation.] If the trial court inquires of defense counsel regarding the factual basis, counsel may stipulate to a particular document that provides an adequate factual basis, such as a complaint, police report, grand jury transcript, or written plea agreement." (<u>Holmes</u>, <u>supra</u>, 32 Cal.4th at pp. 438, 442.) <u>Holmes</u> was decided in 2003, after defendant entered his plea in 1997.

[FN 4] <u>French</u> concerned an aggravating circumstance (the defendant took advantage of a position of trust in committing the offense) that lacked a factual basis as to whether the person had care and custody of a child. (<u>French</u>, <u>supra</u>, 43 Cal.4th at pp. 50-51.)

As the trial court determined, section 417.3 is not specifically listed as a serious felony (§ 1192.7, subd. (c)) or as a violent felony (§ 667.5, subd. (c)), but could be deemed a serious felony under section 1192.7, subdivision (c)(8) if defendant had personally used a firearm. If so, the offense would constitute a strike prior for purposes of sentencing under the "three strikes" law.

In concluding that the record of defendant's prior conviction established that the offense was a serious felony, the court stated:

"As previously indicated, reviewing the transcript of [defendant's] change of plea of January 23rd, 1997, I regurgitate what I said earlier, but in that change of plea the prosecutor stated a factual

6

basis. When the Court asked counsel for defendant, 'Have the People accurately summarized their evidence,' obviously he's referencing the statement that the district attorney just gave as a factual basis. 'Was that accurate?' The defense attorney said that it was.

"The Court actually took a plea of guilty from [defendant] by reading the language, I suppose, of the charging document, and he asked him if he specifically violated that section of the Penal Code, 417.3, in that he did 'willfully and unlawfully,' being a person not in self-defense, in the presence of Tommy Stevenson, who was an occupant of a motor vehicle on a public highway, you did willfully and unlawfully draw and exhibit a firearm in a threatening manner, which would reasonable cause a person to be in apprehension and fear of bodily harm. To that [charge], what is your [plea],' and [defendant] answered 'Guilty.'

"The Court further found there to be a factual basis for the entry of the plea, which under the case cited by the defense, People v. Holmes, the requirement only under 1192.5 is that there be a prima facie factual basis for the charges. That's what I see Holmes standing for. So it certainly satisfies that statute.

"The question is whether or not that statement or statements contained within the change of plea transcript is sufficient for the Court to conclude beyond a reasonable doubt that [defendant] personally used a firearm. I find that it does.

"I find that, based on the statements that I alluded to last time that I just read, that it is sufficient evidence to convince this Court that he personally used that in the commission of the 417.3. It's personal use of a firearm. No indication it was as an aider and abettor. When the Court asked him directly to respond to the allegation, he said 'Guilty' clearly. If it was anything other than what the Court stated, he would have so stated. I do find that it is a serious felony under 1192.7(c), and it is a strike."

Defendant complains that when he entered his plea in 1997, he was not advised in the complaint or elsewhere that the offense would constitute a strike prior. As defendant recognizes, a lack of advisement in a prior proceeding does not mean the offense does not qualify as a strike prior in the current proceeding.

Defendant argues the record does not rule out whether he committed the offense in self-defense or defense of others, or whether he aided and abetted someone else. We disagree. The factual basis for his plea, to which neither defendant nor his counsel objected or added anything, and defendant's guilty plea when read the charge eliminated the possibility that the offense was committed in self-defense or defense of others, or that defendant aided and abetted another.

7

> Defendant also argues that he would not be liable for personal use of a firearm if he displayed the firearm and unintentionally frightened the victim. Defendant entered a plea to willfully and unlawfully drawing and exhibiting a firearm in a threatening manner at a person in another vehicle which would reasonably cause a person to be in apprehension and fear of bodily harm. There is nothing unintentional about doing so.
>
> "Section 417.3 defines a more restrictive standard of conduct than that required for simple brandishing (section 417, subdivision (a)(2)) – i.e., threatening behavior which, in fact, causes fear or apprehension of harm. It seems illogical to elevate this more dangerous act to a felony simply because an occupied vehicle happens by. The obvious purpose of section 417.3 is to deter, and/or to punish more severely, substantially more dangerous conduct – threats to persons *inside* vehicles, which threats may well result in erratic driving endangering the safety of the innocent driving and pedestrian public." (People v. Lara (1996) 43 Cal.App.4th 1560, 1566.)
>
> As in People v. Sohal (1997) 53 Cal.App.4th 911, the prosecutor's statement of the factual basis, with which defense counsel agreed, contained sufficient facts to support the trial court's finding that defendant personally used a firearm in committing the prior offense. (Id. at pp. 914, 916.) The prosecutor stated that "defendant had a firearm which he was exhibiting in a rude, angry, threatening manner, causing reasonable apprehension and fear to [the victim], who was in a vehicle moving on a highway." The charge included that he did not do so in self-defense, and defendant pled guilty. We conclude sufficient evidence supports the trial court's finding. [FN 5]
> [FN 5] The recent amendments to section 4019 do not operate to modify defendant's entitlement to credit, as he had this prior conviction for a serious felony. (§§ 1192.7, subd. (c)(8), 4019, subds. (b) & (c); Stats. 2009, 3d Ex. Sess., ch. 28, § 50.)

(Slip Op. 2-8.)

The Due Process Clause of the Fourteenth Amendment "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 297 U.S. 358, 364 (1970). There is sufficient evidence to support a conviction, if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). "[T]he dispositive question under Jackson is 'whether the record evidence could reasonably support a finding of guilt beyond

8

a reasonable doubt.'" Chein v. Shumsky, 373 F.3d 978, 982 (9th Cir. 2004) (quoting Jackson, 443 U.S. at 318).  A petitioner for a federal writ of habeas corpus "faces a heavy burden when challenging the sufficiency of the evidence used to obtain a state conviction on federal due process grounds." Juan H. V. Allen, 408 F.3d 1262, 1274 (9th Cir. 2005).  In order to grant the writ, the habeas court must find that the decision of the state court reflected an unreasonable application of Jackson and Winship to the facts of the case.  See id.

A federal habeas court determines sufficiency of the evidence in reference to the substantive elements of the criminal offense as defined by state law.  See Jackson, 443 U.S. at 324 n. 16; Chein, 373 F.3d at 983.  With respect to a strike prior finding under the circumstances of this case, California Penal Code § 667.5(d)(1) states that "a prior conviction of a felony shall be defined as any offense defined in subdivision (c) of Section 667.5 as a violent felony or any offense defined in subdivision (c) of Section 1192.7 as a serious felony in this state." California Penal Code § 1192.7(c)(8) defines as a serious felony any felony in which the defendant personally uses a firearm.  The claim Petitioner presents in this federal habeas petition is that there was insufficient evidence produced in the state court to show that his 1997 conviction for violating California Penal Code § 417.3 (drawing or exhibiting a firearm in presence of motor vehicle occupant) constituted a strike prior.

The California Court of Appeal aptly recited the trial court's findings with respect to whether the 1997 conviction included Petitioner's personal use of a firearm.  As noted by the state court, there was a factual basis stated and agreed to on the record for the 1997 conviction.  This included Petitioner agreeing to the accuracy of the factual basis of the crime in that he had a firearm which "he was exhibiting in a rude, angry, and threatening manner, causing reasonable apprehension and fear . . ." (see Resp't's Lodged Doc. 8 at p. 2)  Later on during the change of plea colloquy in 1997, Petitioner stated that he was guilty of "willfully and unlawfully, being a person not in self-defense, in the presence of Tommy Stevenson . . . who was an occupant of a motor vehicle on a public highway, you did *willfully and unlawfully draw and exhibit a firearm*

9

in a threatening manner which would reasonable cause a person to be in apprehension and fear of bodily harm." (Id. at p. 7 (emphasis added).)  Upon viewing this evidence in the light most favorable to the prosecution, any rational trier of fact would have concluded that the prosecution proved beyond a reasonable doubt that Petitioner personally used a firearm in the 1997 conviction under California Penal Code § 417.3.  Petitioner was given an opportunity to rebut the factual basis for the crime as recited by the court yet he had no comments or amendments. Furthermore, neither Petitioner nor his counsel equivocated the prosecutor's recital of the crime that Petitioner pled guilty to in 1997 which clearly stated that Petitioner personally used a firearm to commit the offense (i.e. "did willfully draw and exhibit a firearm in a threatening manner which would reasonably cause a person to be in apprehension or and fear of bodily harm").  The California Court of Appeal's decision was neither an unreasonable application of clearly established federal law nor did it result in a decision that was based on an unreasonable determination of the facts.  Therefore, Petitioner is not entitled to federal habeas relief on his claim.

## VI.  CONCLUSION

For all of the foregoing reasons, IT IS RECOMMENDED that the petition for writ of habeas corpus be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).  In any objections he elects to file, Petitioner may address whether a certificate of appealability should issue in the

event he elects to file an appeal from the judgment in this case. <u>See</u> Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: June 1, 2011

_____
TIMOTHY J BOMMER
UNITED STATES MAGISTRATE JUDGE